E-filing

1  PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2  Name RANGEL        ANTHONY          A
        (Last)         (First)        (Initial)

3  Prisoner Number V76018

4  Institutional Address CALIPATRIA STATE PRISON P.O. BOX 5001

5  CALIPATRIA, CA. 92233

6  ===================================================

7           UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF CALIFORNIA

8  ANTHONY ARCADIO RANGEL       CV 08           1415
   (Enter the full name of plaintiff in this action.)

9                                     )
                    vs.               )
10                                    )   Case No. _____
   L.E. SCRIBNER (WARDEN)             )   (To be provided by the clerk of court)
11                                    )
   CALIPATRIA STATE PRISON            )   PETITION FOR A WRIT CW
12                                    )   OF HABEAS CORPUS
                                      )
13 _____     )         (PR)
                                      )
14 _____     )
   (Enter the full name of respondent(s) or jailor in this action)

15

16 ===================================================

         Read Comments Carefully Before Filling In

17 When and Where to File

18        You should file in the Northern District if you were convicted and sentenced in one of these

19 counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in

21 this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

23        If you are challenging your conviction or sentence and you were not convicted and sentenced in

24 one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 District Court for the district in which the state court that convicted and sentenced you is located.  If

26 you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 your petition will likely be transferred to the district court for the district that includes the institution

28 where you are confined.  Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS       - 1 -

1  Who to Name as Respondent

2        You must name the person in whose actual custody you are.  This usually means the Warden or

3  jailor.  Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced.  These are not proper

5  respondents.

6        If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11        1.  What sentence are you challenging in this petition?  *61 YRS to LIFE PLUS 7 YRS*

12            (a)    Name and location of court that imposed sentence (for example; Alameda

13                   County Superior Court, Oakland):

14        *SANTA CLARA COUNTY SUPERIOR COURT      SAN JOSE, CA.*

15                   Court                              Location

16            (b)    Case number, if known  *SUP. CT # CC457025*

17            (c)    Date and terms of sentence  *APRIL 19, 2005*

18            (d)    Are you now in custody serving this term?  (Custody means being in jail, on

19                   parole or probation, etc.)        Yes  *✓*    No _____

20            Where?  *PRISON*

21            Name of Institution:  *CALIPATRIA STATE PRISON*

22            Address:  *P.O. BOX 5001 CALIPATRIA, CA. 92233*

23        2.  For what crime were you given this sentence?  (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known.  If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  *ONE COUNT OF CONTINUOUS SEXUAL ABUSE OF A CHILD ( PEN. CODE. SEC. 288.5*

27  *SUBd.(a) AND ONE COUNT OF SEXUAL PENETRATION WHILE THE VICTIM WAS UNCONSCIOUS*

28  *OF THE NATURE OF THE ACT (PEN. CODE. SEC. 289 SUBd. (d)  (SEE ATTACHMENT)*
   *(A)*

PET. FOR WRIT OF HAB. CORPUS        - 2 -

# ATTACHMENT (A)

FOR WHAT CRIME WERE YOU GIVEN THIS SENTENCE?
THE INFORMATION ALSO ALLEGED ONE "PRIOR PRISON TERM"
PRIOR (PEN. CODE, SEC. 667.5 SUBD. (B)), ONE "SERIOUS
FELONY" PRIOR (PEN. CODE, SEC. 667, SUBD (A)), AND TWO
"THREE STRIKE" PRIORS. PEN. CODE, SEC. 667, SUBD. (B)-(i)
AND SEC. 1170.12)

(i)

3. Did you have any of the following?

Arraignment:     Yes __✓__ No _____

Preliminary Hearing:   Yes __✓__ No _____

Motion to Suppress:   Yes __✓__ No _____

4. How did you plead?

Guilty _____ Not Guilty __✓__ Nolo Contendere _____

Any other plea (specify) _____ N/A _____

5. If you went to trial, what kind of trial did you have?

Jury __✓__ Judge alone _____ Judge alone on a transcript _____

6. Did you testify at your trial?    Yes _____ No __✓__

7. Did you have an attorney at the following proceedings:

 (a) Arraignment     Yes __✓__ No _____

 (b) Preliminary hearing   Yes __✓__ No _____

 (c) Time of plea    Yes __✓__ No _____

 (d) Trial      Yes __✓__ No _____

 (e) Sentencing    Yes __✓__ No _____

 (f) Appeal     Yes _____ No _____

 (g) Other post-conviction proceeding Yes _____ No __✓__

8. Did you appeal your conviction?   Yes __✓__ No _____

 (a) If you did, to what court(s) did you appeal?

  Court of Appeal    Yes __✓__ No _____

  Year: _2006_  Result: _DENIED_

  Supreme Court of California Yes __✓__ No _____

  Year: _2007_  Result: _DENIED_

  Any other court    Yes _____ No __✓__

  Year: _N/A_  Result: _N/A_

 (b) If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS  - 3 -

1    petition?                                Yes _____    No_____

2    (c)    Was there an opinion?            Yes __✓__    No_____

3    (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                            Yes _____    No_✓__

5    If you did, give the name of the court and the result:

6    _____ N/A _____

7    _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?    Yes __✓__    No_____

10    [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11    challenged the same conviction you are challenging now and if that petition was denied or dismissed

12    with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13    for an order authorizing the district court to consider this petition. You may not file a second or

14    subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15    U.S.C. §§ 2244(b).]

16    (a)    If you sought relief in any proceeding other than an appeal, answer the following

17    questions for each proceeding. Attach extra paper if you need more space.

18    I.    Name of Court: SUPREME COURT OF THE UNITED STATES

19    Type of Proceeding: WRIT OF CERTIORARI

20    Grounds raised (Be brief but specific):

21    a. INEFFECTIVE COUNSEL ASSISTANCE

22    b. TRIAL COURT DISCRETIONARY ABUSE IN SENTENCING

23    c. TRIAL COURT DISCRETIONARY ABUSE IN REFUSAL TO DISMISS A STRIKE

24    d._____

25    Result: DENIED    Date of Result: 01-09-2008

26    II.    Name of Court: N/A

27    Type of Proceeding: N/A

28    Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS        - 4 -

a. _____ N/A _____

b. _____ N/A _____

c. _____ N/A _____

d. _____ N/A _____

Result: _____ N/A _____ Date of Result: N/A

III.    Name of Court: _____ N/A _____

Type of Proceeding: _____ N/A _____

Grounds raised (Be brief but specific):

a. _____ N/A _____

b. _____ N/A _____

c. _____ N/A _____

d. _____ N/A _____

Result: _____ N/A _____ Date of Result: N/A

IV.    Name of Court: _____ N/A _____

Type of Proceeding: _____ N/A _____

Grounds raised (Be brief but specific):

a. _____ N/A _____

b. _____ N/A _____

c. _____ N/A _____

d. _____ N/A _____

Result: _____ N/A _____ Date of Result: N/A

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes ✓    No____

Name and location of court: SUPREME COURT OF THE UNITED STATES, WASHINGTON, DC.

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1  need more space.  Answer the same questions for each claim.

2      [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3  petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One:_____ SEE  ATTACHMENT  (B)

6  _____ (PP. i — XIV)

7  Supporting Facts:_____

8  _____

9  _____

10

11  Claim Two:_____ SEE  ATTACHMENT  (C)

12  _____ (PP. i — iV)

13  Supporting Facts:_____

14  _____

15  _____

16

17  Claim Three:_____ SEE  ATTACHMENT  (D)

18  _____ (PP. i — V)

19  Supporting Facts:_____

20  _____

21  _____

22

23      If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  _____ N/A _____

26  _____

27  _____

28  _____

PET. FOR WRIT OF HAB. CORPUS        - 6 -

# ATTACHMENT (B)

CLAIM ONE: DEFENSE COUNSEL WAS INEFFECTIVE (U.S. CONST. AMEND. VI) FOR COUNSELING HER CLIENT TO ADMIT THE PRIOR OFFENSES BECAUSE THERE WAS A CREDIBLE DEFENSE THAT NEITHER OF THESE PRIOR OFFENSES WAS A SERIOUS OR VIOLENT FELONY AND THERE WAS NO CONVICTION FOR A SERIOUS OR VIOLENT FELONY

THE INFORMATION IN THIS CASE ALLEGED TWO PRIOR OFFENSES UNDER THE "THREE STRIKES" LAW. THE INFORMATION ALSO ALLEGED ONE OF THOSE PRIOR CONVICTIONS AS A "SERIOUS FELONY" PRIOR. THE INFORMATION STATED THAT PETITIONER HAD BEEN CONVICTED OF "FALSE IMPRISONMENT WITH PERSONAL USE OF FIREARM." (PEN. CODE, SEC. 236/237) AND "INFLICTING CORPORAL INJURY UPON SPOUSE WITH PERSONAL USE OF FIREARM." (PEN. CODE, SEC. 273.5.) THE INFORMATION ALSO STATED THAT THE "THREE STRIKE" PRIORS WERE "OFFENSES THAT INCLUDE(D) ALL THE ELEMENTS OF A VIOLENT OR SERIOUS FELONY AS DEFINED IN PENAL CODE SECTIONS 667.5 (C)/1192.7 (C)." AND WITH RESPECT TO THE SERIOUS FELONY PRIOR, THE INFORMATION STATED THAT IT WAS A "SERIOUS FELONY." BOTH PRIOR CONVICTIONS AROSE OUT OF THE SAME CASE — SANTA CLARA SUPERIOR COURT NUMBER 177075. (1 CT 150-153.)

(i)

As noted above, Petitioner admitted the prior allegations. More specifically, he admitted that he committed each prior offense as that offense was described in the information — that each involved the personal use of a firearm and that each was a serious or violent felony. (4 RT 859-860.) Further, at the time these prior offenses were originally adjudicated in 1995, Petitioner pleaded no contest to the two substantive charges and he admitted further that he committed each offense while personally using a firearm.

However, Petitioner was never actually convicted of a firearm enhancement with respect to either offense. Thus, Petitioner contends in this argument that his trial attorney was ineffective for allowing him to agree to the prior offenses as they were alleged.

Under Penal Code Section 667, Subd (A)(1), a person may receive an additional five year term when he or she has a previous serious felony conviction. Under the three strikes law, a person may receive a life sentence so long as two prior convictions are serious felonies under Penal Code sec. 1192.7 Subd (C)

(ii)

1  OR VIOLENT FELONIES UNDER PENAL CODE SEC. 667.5, SUBD.
2  (C). IN THIS CASE NEITHER PRIOR CONVICTION WAS A SERIOUS
3  OR VIOLENT FELONY IN AND OF ITSELF. NEITHER SPOUSAL
4  ABUSE NOR FALSE IMPRISONMENT IS A SERIOUS OR VIOLENT
5  FELONY LISTED UNDER THE RESPECTIVE CODE SECTIONS. BUT
6  THE DEFINITION OF "SERIOUS FELONY" ALSO INCLUDES "ANY FELONY
7  IN WHICH THE DEFENDANT PERSONALLY USES A FIREARM."
8  (PEN. CODE, SEC. 1192.7, SUBD.(C)(8).) AND PETITIONER
9  ADMITTED - IN 1995 WHEN HE ENTERED THE INITIAL PLEAS
10 AND IN 2005 WHEN HE ADMITTED THE PRIOR OFFENSES - TO
11 HAVING USED A FIREARM WITH EACH OFFENSE.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

(iii)

1   But notwithstanding petitioner's admission, he was
2   not convicted of any firearm related offense. The record
3   shows that the firearm enhancements were dismissed at
4   sentencing on the motion of the prosecution. 1 (Aug. CT 4-5)
5   (Exhibit A.)

6   At least the probation officer thought that
7   the firearm enhancements had been found true. In the
8   probation report he mentions that "A review of the defe-
9   ndant's criminal history reveals three felony convictions
10  for offenses including felony false imprisonment and
11  battery on a spouse, both with personal use of firearm
12  enhancements..." (2 CT 486-486.)

13

14  _____

15  1 There are two Abstracts of Judgment with respect to these
16  prior offenses. One, issued in 1995, shows that the firearm allegat-
17  ions were dismissed and that petitioner was sentenced to a
18  term of probation. (Exhibit A.) The other abstract was prepared
19  in 2000, after petitioner was found to have violated the terms
20  of probation and was sentenced to three years in prison. That
21  abstract shows only the convictions for spousal abuse and
22  false imprisonment. It is silent about any firearm alleg-
23  ations. (Aug CT 4-5.) (2 CT 502.)

24
25                  (iv)
26

1  HOWEVER, THE Abstracts OF JUDGMENTS WITH RESPECT TO THESE
2  PRIOR OFFENSES SHOW THAT PETITIONER WAS NOT CONVICTED OF
3  FIREARM ALLEGATIONS. YET IT WOULD ONLY BE THROUGH THE
4  USE OF A GUN THAT THESE OFFENSES COULD BE ELEVATED TO
5  SERIOUS FELONIES.
6              IN PEOPLE V. GUERRERO (1988) 44 CAL. 3d
7  343, 355, THIS COURT HELD THAT IT WAS "FAIR AND
8  REASONABLE" THAT A TRIAL COURT LOOK AT THE ENTIRE
9  RECORD OF CONVICTION TO DETERMINE THE NATURE OF A
10 PRIOR BURGLARY CONVICTION WHEN THE ISSUE WAS WHETHER
11 THE CONVICTION WAS FOR RESIDENTIAL BURGLARY (AND THUS A
12 SERIOUS FELONY) OR ANOTHER KIND OF BURGLARY (NOT A
13 SERIOUS FELONY.) IN PEOPLE V. MAESTAS (2006) 143 CAL.
14 APP. 4TH 247, THE COURT RELIED ON GUERRO AND HELD
15 THAT IF THERE IS NO AMBIGUITY ABOUT THE NATURE OF THE
16 PRIOR CONVICTION, THEN THE TRIAL COURT MAY NOT LOOK AT
17 THE "ENTIRE RECORD OF CONVICTION" AND CONCLUDE THAT THE
18 CONVICTION WAS SOMETHING THAT IT WAS NOT (IN MAESTAS
19 THE DEFENDANT HAD BEEN CHARGED WITH TWO FIRST DEGREE
20 BURGLARIES, SERIOUS FELONIES. HOWEVER, PURSUANT TO A
21 PLEA BARGAIN, THE DEFENDANT ENTERED PLEAS TO SECOND
22 DEGREE BURGLARY, NON-SERIOUS FELONIES.
23
24
25              (V)
26

1  THE TRIAL COURT CONCLUDED THAT NOTWITHSTANDING THE PLEA,
2  THE ENTIRE RECORD OF CONVICTION SHOWED THAT FIRST
3  DEGREE BURGLARIES WERE IN FACT COMMITTED, AND ON
4  THAT BASIS THE COURT SENTENCED THE DEFENDANT UNDER THE
5  THREE STRIKES LAW. THE APPELLATE COURT REVERSED, HOLDING
6  THAT THE SECOND DEGREE BURGLARY CONVICTIONS WERE
7  DISPOSITIVE, AND THAT THE COURT COULD NOT USE THE ENTIRE
8  RECORD OF CONVICTION TO FIND THAT THE DEFENDANT HAD
9  COMMITTED OFFENSES HE HAD NOT BEEN CONVICTED OF.)
10         THUS, MAESTAS SUGGESTS THAT SINCE PETIT-
11  IONER WAS NEVER CONVICTED OF A PERSONAL USE ALLEGAT-
12  ION, AND SINCE THE PRIORS HE WAS CONVICTED OF ARE
13  NEITHER SERIOUS NOR VIOLENT FELONIES, A TRIAL COURT
14  CANNOT GO BEYOND THE ACTUAL CONVICTION AND CONCLUDE
15  THAT A FIREARM WAS USED. BUT EVEN IF A TRIER OF
16  FACT COULD CONCLUDE FROM EXAMINING THE ENTIRE RECORD
17  THAT A FIREARM WAS USED, IT DOES NOT NECESSARILY
18  FOLLOW THAT A TRIER OF FACT WOULD HAVE SO CONCLUDED.
19  PETITIONER'S EXPLANATION OF THE PRIOR OFFENSES TO THE PROBATION
20  OFFICER IN THE INSTANT CASE IS FURTHER EVIDENCE THAT HE
21  DID NOT IN FACT "USE" A FIREARM WHEN HE COMMITTED
22  THE OFFENSES. (2 CT 484-485.)
23
24
25              (vi)
26

1  IN ADDITION, IN A DECLARATION ATTACHED TO THIS PETITION,
2  PETITIONER REAFFIRMS THAT HE DID NOT USE A FIREARM
3  WHEN COMMITTING THE PRIOR OFFENSES. (EXHIBIT C.)
4         THUS, THERE WAS A REAL ISSUE IN THIS CASE AS
5  TO WHETHER THE ALLEGED PRIORS WERE SERIOUS FELONIES. YET
6  PETITIONER, UNDER HIS COUNSEL'S GUIDANCE, ADMITTED THAT THEY
7  WERE SERIOUS FELONIES, THUS SAVING THE PROSECUTION FROM HAVING
8  TO PUT ON ITS CASE. PETITIONER BELIEVES THAT TRIAL COUNSEL SHOULD
9  BE DEEMED INEFFECTIVE FOR COUNSELING HER CLIENT TO MAKE THAT
10 ADMISSION. A REVIEWING COURT MUST CONDUCT A TWO-PART ANALY-
11 SIS TO DETERMINE WHETHER TRIAL COUNSEL WAS INEFFECTIVE.
12 FIRST, A DEFENDANT MUST SHOW THAT COUNSEL'S ACTS OR OMISSIONS
13 WERE DEFICIENT. NEXT, THE DEFENDANT MUST SHOW PREJUDICE
14 AS A RESULT OF THOSE ACTS OR OMISSIONS. (STRICKLAND V. WASH-
15 INGTON (1984) 466 U.S. 668, 687.) PREJUDICE OCCURS WHEN
16 IT IS REASONABLY PROBABLE THAT, BUT FOR COUNSEL'S ERROR, THE
17 RESULT OF THE PROCEEDING WOULD HAVE BEEN MORE FAVORABLE.
18 (PEOPLE V. LEWIS (1990) 50 CAL.3d 262, 288.) WHEN INEFFECT-
19 IVENESS IS ALLEGED WITH RESPECT TO THE DECISION TO ENTER A
20 GUILTY PLEA, A DEFENDANT MUST SHOW A REASONABLE PROBABILITY
21 THAT THE INEFFECTIVE REPRESENTATION RESULTED IN THE PLEA
22 AND THAT OTHERWISE THE DEFENDANT WOULD HAVE PROCEEDED
23
24
25              (vii)
26

1  to trial. (In Re Alvernaz (1992) 2 Cal. 4th 924, 934;
2  In Re Vargas (2000) 83 Cal. App. 4th 1125, 1134.)
3  In its analysis, the reviewing court must review the
4  record to determine if there was any tactical reason
5  for counsel's act or omission. If the record discloses no
6  tactical reason, the conviction must be reversed. (People v.
7  Pope (1979) 23 Cal. 3d 412, 425.)
8         Here, counsel could have no tactical reason
9  for counseling her client to admit an aspect of offenses he
10 was not convicted of. Even if, for example, counsel did not
11 think it would be a good idea for her client to testify, she
12 still had a credible defense based merely on the abstracts
13 of judgment prepared in 1995 (Exhibit A) and in 2000
14 (Aug. CT 45), which showed that petitioner was never
15 convicted of a "personal use" allegation. 2
16
17
18 _____
19 2 Former counsel for petitioner tried unsuccessfully, to
20 speak with defense counsel. His efforts are detailed
21 in Exhibit D.
22
23
24
25              (viii)
26

1    THE FAILURE TO PRESENT A DEFENSE CAN AMOUNT TO
2    INEFFECTIVE ASSISTANCE OF COUNSEL. A DEFENDANT HAS THE
3    RIGHT TO EXPECT THAT BEFORE HIS OR HER LAWYER UNDERTAKES
4    TO ACT OR NOT ACT, THE ATTORNEY WILL MAKE A RATIONAL AND
5    INFORMED DECISION ON STRATEGY AND TACTICS BASED ON ADEQUATE
6    INVESTIGATION AND PREPARATION. (SEE PEOPLE V. FRIERSON (1979)
7    25 CAL. 3d 142, 166 ; IN RE HALL (1981) 30 CAL. 3d 408,
8    426 ; STRICKLAND V. WASHINGTON, SUPRA, 466 U.S. AT PP.
9    690 - 691.) A CRIMINAL DEFENSE ATTORNEY HAS A "DUTY TO
10   INVESTIGATE CAREFULLY ALL DEFENSES OF FACT AND OF LAW
11   THAT MAY BE AVAILABLE TO THE DEFENDANT..." (IN RE
12   WILLIAMS (1969) 1 CAL. 3d 168, 175.) THE FAILURE TO MAKE
13   SUCH AN INVESTIGATION WILL RESULT IN INEFFECTIVE ASSISTANCE
14   IF THE FAILURE RESULTS IN THE WITHDRAWAL OF A CRUCIAL OR
15   POTENTIALLY MERITORIOUS DEFENSE. A CRUCIAL DEFENSE IS
16   NOT NECESSARILY ONE THAT WOULD RESULT INEXORABLY IN A
17   DEFENDANT'S ACQUITTAL. (PEOPLE V. POPE, SUPRA, FN. 15.)
18   FOR EXAMPLE, THE FAILURE TO OBTAIN AN ADJUDICATION ON THE
19   STRONGER OF TWO POSSIBLE DEFENSES WILL RESULT IN INEFFECT-
20   IVE ASSISTANCE OF COUNSEL. (IBID)
21              "TO BE VALID, GUILTY PLEAS MUST BE BASED UPON
22   A DEFENDANT'S FULL AWARENESS OF THE RELEVANT CIRCUMSTANCES
23
24
25              (ix)
26
27

1  4TH 1022 - DEFENDANT PLEADED NO CONTEST TO MAKING A FALSE
2  FINANCIAL STATEMENT, COUNSEL FOUND INEFFECTIVE WHEN ADEQUATE
3  RESEARCH WOULD HAVE REVEALED THAT DEFENDANT'S BEHAVIOR DID
4  NOT VIOLATE TERMS OF STATUTE.)
5          IN THIS CASE PETITIONER ADMITTED TO HAVING
6  COMMITTED TWO SERIOUS FELONY PRIORS BECAUSE EVERYONE
7  SEEMED TO UNDERSTAND THAT HE HAD ALSO BEEN CONVICTED OF
8  HAVING COMMITTED THOSE OFFENSES BY "PERSONALLY USING" A
9  FIREARM. BUT AGAIN, THE ABSTRACTS OF JUDGMENT (EXHIBIT A;
10  AVG. CT 4-5) FAIL TO DEMONSTRATE THAT GUN USE.
11          THUS, THERE WAS A EXCELLANT DEFENSE TO THE
12  ALLEGATION THAT THESE PRIORS WERE "SERIOUS FELONIES."
13  PETITIONER NEEDS TO DEMONSTRATE THAT TRIAL COUNSEL'S
14  FAILURE TO INVESTIGATE RESULTED IN THE WITHDRAWAL OF A
15  "POTENTIALLY MERITORIOUS" DEFENSE TO THE CHARGES. (PEOPLE V.
16  POPE, SUPRA.) AND CLEARLY HE DID. FOR ONE THING, EVEN
17  THOUGH PETITIONER ADMITTED THE FIREARM ALLEGATIONS, IT SHOULD
18  ALSO BE NOTED THAT HE PLEADED NO CONTEST TO THE UNDERLYING
19  CHARGES. AND WHILE A NO CONTEST PLEA HAS THE SAME EFFECT
20  AS A GUILTY PLEA (PEN. CODE, SEC. 1016), A PERSON ENTERING
21  A NO CONTEST PLEA IS NONETHELESS NOT ACTUALLY ADMITTING
22  GUILT. (NOLO CONDENDERE MEANS LITERALLY THAT THE DEFENDANT
23
24
25              (XI)
26

1    "WILL NOT CONTEST" THE TRUTH OF THE CHARGES.

2    (WITKIN & EPSTEIN, CAL. CRIMINAL LAW (3RD ed. 2000)

3    4 PRETRIAL SEC. 260, P. 468).) SINCE PETITIONER DID NOT

4    ACTUALLY ADMIT TO HAVING COMMITTED THE UNDERLYING

5    CHARGES, IT SUGGESTS THAT HE WOULD HAVE BEEN AT LEAST AS

6    EQUIVOCAL ABOUT ADMITTING THE USE OF A FIREARM WHILE

7    COMMITTING THOSE OFFENSES.

8        ANOTHER INDICATION THAT PETITIONER HAD A "POTENTIALLY

9    MERITORIOUS" DEFENSE TO THE FIREARM USE ALLEGATIONS IS THAT,

10    HAD HE TESTIFIED, HE WOULD HAVE DENIED HAVING USED A

11    FIREARM WHEN COMMITTING THE OFFENSES. 3 (SEE EXHIBIT C.)

12    AND HE WOULD HAVE TESTIFIED THAT HAD HE KNOWN THERE WAS A

13    DEFENSE TO THE CHARGES, HE WOULD NOT HAVE ADMITTED THEM. (EXHIBIT C.)

14    FURTHER, PETITIONER ONLY ADMITTED THE PRIOR OFFENSES BECAUSE HIS

15    ATTORNEY TOLD HIM THAT HE HAD NO DEFENSE TO THE ALLEGATIONS, AND

16    BECAUSE IF HE HAD CONTESTED THEM HE WOULD ONLY "PISS OFF"

17    THE TRIAL JUDGE. (EXHIBIT C.) IN FACT, WHEN PETITIONER SPOKE

18    TO THE PROBATION OFFICER AFTER HE WAS CONVICTED IN 2005, HE

19    THEN ALSO DENIED HAVING USED A FIREARM WHILE COMMITTING

20    THE PRIOR OFFENSES. (2 CT 484-485.) FINALLY, THE FACT THAT

21    PETITIONER WAS NOT CONVICTED OF ANY FIREARM ENHANCEMENTS

22    WITH RESPECT TO THE PRIORS CERTAINLY SUGGESTS THAT THERE

23

24

25             (xii)

26

1 WAS AN ISSUE AS TO WETHER A FIREARM WAS USED. (EXHIBIT A; AUG.

2 CT 4-5.)

3     CLEARLY PETITIONER ADMITTED THE PRIOR OFFENSES

4 WHILE HE WAS REPRESENTED BY COUNSEL. JUST AS CLEARLY, THERE

5 WAS A REAL ISSUE AS TO WETHER THOSE PRIOR OFFENSES WERE

6 "SERIOUS FELONIES" IN SPITE OF COUNSEL'S APPARENT BELIEF

7

8 _____

9 3     A DEFENDANT HAS A DUE PROCESS RIGHT TO TESTIFY IN SUCH

10 A HEARING. GILL V. AYERS (9TH CIR., 2003) 243 F.3d 911 ADDRESSED THIS

11 EXACT ISSUE - AT A CALIFORNIA DEFENDANT'S HEARING ON PRIOR OFFENSES,

12 IS THAT DEFENDANT PERMITTED TO TESTIFY? THE GILL COURT FIRST NOTED

13 THAT WHILE THE PROSECUTION, WHEN TRYING TO PROVE A PRIOR CONVICTION,

14 IS LIMITED TO THE RECORD OF CONVICTION, SEVERAL CALIFORNIA CASES HAVE

15 CHOSEN NOT TO DECIDE WETHER A DEFENDANT CAN PRESENT EVIDENCE.

16 (Id., AT P.916, CITING PEOPLE V. REED (1996) 13 CAL.4TH 217, 229;

17 PEOPLE V. GUERRO, SUPRA, 44 CAL.3d AT P. 356, FN. 1.) THE GILL COURT THEN

18 CITED A LONG LINE OF U.S. SUPREME COURT CASES AND CONCLUDED THAT

19 TO PROHIBIT A DEFENDANT FROM TESTIFYING IN THIS SITUATION WOULD VIOLATE

20 THE FEDERAL GUARANTEE OF DUE PROCESS. (GILL V. AYERS, SUPRA, AT PP. 918-921.)

21

22

23

24

25     (Xiii)

26

1  that they were. Equally clear is the fact that petitioner
2  had a potentially meritorious defense to the charge that
3  the offenses were committed while he used a firearm.
4  Accordingly, petitioner submits that his trial attorney
5  should be found ineffective for counseling his admission to
6  the firearm use aspect of the prior offenses when there was
7  a credible defense.

(xiv)

1                 ATTACHMENT (C)

2 CLAIM TWO:        A ONE YEAR SENTENCE UNDER

3 PENAL CODE SECTION 667.5, SUBDIVISION (B)

4 SHOULD BE REVERSED BECAUSE THE TRIAL COURT

5 COMMITTED DISCRETIONARY ABUSE IMPOSING

6 TWO ONE YEAR TERMS WHEN ONLY ONE

7 PRIOR OFFENSE WAS ALLEGED

8

9          THE INFORMATION IN THIS CASE ALLEGED

10 ONE "PRIOR PRISON TERM" PRIOR UNDER PENAL CODE SECTION

11 667.5, SUBDIVISION (B).[1] (1 CT 154-158) PETITIONER

12 ULTIMATELY ADMITTED ALL OF THE PRIORS (INCLUDING TWO "THREE

13 STRIKES" PRIORS AND ONE "SERIOUS FELONY" PRIOR) AND

14 WHEN HE DID SO HE AGAIN ADMITTED TO HAVING COMMITTED THE

15 ONLY "PRIOR PRISON TERM" PRIOR CHARGED. (4 RT 855-860.)

16 THE PROBATION REPORT RECOMMENDED THAT PETITIONER BE SENTENCED

17 TO TWO CONSECUTIVE ONE YEAR TERMS ON THE "PRIOR PRISON TERM"

18 _____

19

20 [1]      THE PRIOR CONVICTION WAS FOR FALSE IMPRISON-

21 MENT. (PEN. CODE, SEC. 236/237.) THE CONVICTION OCCURED

22 IN CASE NUMBER 177075.

23

24

25                 (i)

26

1  PRIOR, APPARENTLY BECAUSE THE PRIOR WAS ALLEGED WITH

2  RESPECT TO TWO SEPERATE COUNTS OF CONVICTION. (2 CT 487-489.)

3  AND WHEN IT IMPOSED SENTENCE THE TRIAL COURT DID IMPOSE TWO

4  ONE YEAR TERMS, ONE FOR EACH COUNT. (5 RT 884.)

5          BUT THE TRIAL COURT ERRED WHEN IT IMPOSED

6  THAT ADDITIONAL ONE YEAR TERM BECAUSE SENTENCES UNDER

7  PENAL CODE SECTION 667.5, SUBDIVISION (b) ARE BASED ON

8  THE NUMBER OF PRIORS ALLEGED AND NOT ON THE NUMBER OF

9  COUNTS TO WHICH THEY MAY BE ATTACHED. PENAL CODE SECTION

10  1170.1 DISCUSSES HOW A COURT SHOULD FIGURE SENTENCES WHEN

11  CONSECUTIVE TERMS ARE IN ORDER, AND WHEN ENHANCEMENTS

12  APPLY. IN PEOPLE V. TASSEL (1984) 36 CAL. 3d 77 [2], THE

13  SUPREME COURT INTERPRETED SECTION 1170.1 AND STATED CLEARLY

14  THAT "PRIOR PRISON TERM" PRIORS ARE TO BE SENTENCED BASED

15  ONLY ON THE NUMBER OF DIFFERENT PRIORS PROVED. THE NUMBER

16  OF COUNTS IN THE CHARGING DOCUMENT HAS NO BEARING ON THE

17  SENTENCING FOR "PRIOR PRISON TERM" PRIORS.

18

19  ——————————————

20

21  [2]      TASSEL WAS OVERRULED ON ANOTHER POINT IN

22  PEOPLE V. EWOLDT (1994) 7 CAL. 4TH 380.

23

24

25                (ii)

26

1  "Section 1170.1 refers to two kinds of
2  enhancements: (1) those which go to the nature of the
3  offender; and (2) those which go to the nature of the
4  offense. Enhancements for prior convictions - authorized by
5  sections 667.5, 667.6 and 12022.1 - are of the first
6  sort. The second kind of enhancements - those which arise
7  from the circumstances of the crime - are typified by sections
8  12022.5 and 12022.7: was a firearm used or was great
9  bodily injury inflicted? Enhancements of the second kind
10 enhance the several counts; those of the first kind, by
11 contrast, have nothing to do with particular counts but, since
12 they are related to the offender, are added only once
13 as a step in arriving at the aggregate sentence.

14     Section 1170.1, subdivision (A) starts out by
15 stating the basic rule that when a person is convicted of
16 two or more felonies, the total sentence consists of (1)
17 the principal term, (2) the subordinate term, and (3)
18 any enhancements for prior convictions. In so doing, it
19 makes it very clear that enhancements for prior convict-
20 ions do not attach to particular counts but instead are
21 added just once as the final step in computing the
22 total sentence." (Id., at p. 90.)

23

24

25                    (iii)

26

1    HERE, THE TRIAL COURT IMPOSED two ONE YEAR
2  TERMS ON PRIOR PRISON TERM PRIORS EVEN THOUGH ONLY ONE
3  PRIOR WAS CHARGED AND Admitted to. THAT Additional ONE
4  YEAR TERM SHOULD THEREFORE BE REVERSED AND the Addition-
5  AL ENHANCEMENT SHOULD BE ORDERED STRICKEN. (PEOPLE v.
6  SMITH (1992) 10 CAL. APP. 4TH 178, 183.)
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25                    (iv)
26
27

# Attachment (D)

CLAIM THREE:    THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT REFUSED TO DISMISS ONE OF THE STRIKES

Just before sentencing defense counsel urged the trial court to exercise its discretion to dismiss one of the "strikes" so that the ultimate sentence would be more fitting to the offenses committed. (People v. Superior Court (Romero), (1996) 13 Cal 4th.) However, the trial court declined. (5 RT 883-884.) In this argument petitioner maintains that in denying that request the trial court committed an abuse of discretion.

It is clear that sentencing courts retain discretion to dismiss prior felony conviction strikes and impose less severe sentences in the interest of justice. (Penal Code, sec. 1385, subdivision (A); People v. Superior Court (Romero), supra, 13 Cal. 4th at pp. 529-530) And while an appellate court must apply "an extremely deferential and restrained standard" when reviewing such matters, the trial court's exercise of sentencing discretion "must [nonetheless] be an

(i)

1 INTENSELY FACT-BOUND INQUIRY TAKING ALL RELEVANT FACTORS,
2 INCLUDING THE DEFENDANT'S CRIMINAL PAST AND PUBLIC
3 SAFETY INTO DUE CONSIDERATION, AND THE RECORD MUST SO
4 REFLECT." (PEOPLE V. SUPERIOR COURT (ALVAREZ) (1997) 14
5 CAL. 4TH 968, 981-982, EMPHASIS ADDED.) CONSIDERING
6 ONLY A DEFENDANT'S CRIMINAL HISTORY IS "INCOMPATIBLE WITH
7 THE VERY NATURE OF SENTENCING DISCRETION; THE ENTIRE
8 PICTURE MUST REMAIN EXPOSED." (Id., At P. 981.)
9          THE BARE FACT THAT A DEFENDANT HAS A PRIOR
10 CRIMINAL HISTORY AND MAY BE THE TYPE OF INDIVIDUAL
11 THE THREE STRIKES LAWS CONTEMPLATED DOES NOT ALONE
12 MANDATE A LIFE SENTENCE. EVERY DEFENDANT WHO APPEARS
13 FOR SENTENCING WITH TWO OR MORE STRIKES IS ELIGIBLE
14 FOR A LIFE SENTENCE. HOWEVER, SOME OF THOSE DEFENDANTS
15 MAY ALSO DESERVE A LESSER PUNISHMENT BASED UPON THE
16 REMOTENESS OF THEIR PAST VIOLENT OR SERIOUS OFFENSES, THE NATURE
17 OF THOSE OFFENSES, OR OTHER MITIGATING FACTORS. THUS, THE
18 SENTENCING COURT IS REQUIRED TO CONSIDER WHETHER THE
19 PARTICULAR DEFENDANT BEFORE IT SHOULD RECIEVE A LESSER
20 SENTENCE "IN FURTHERANCE OF JUSTICE" BASED UPON SUCH
21 INDIVIDUALIZED CONSIDERATIONS. THE SENTENCING JUDGE IS
22 NOT ALLOWED TO SIMPLY CONSIGN ALL THREE STRIKERS TO
23
24
25          (ii)
26
27

1 PRISON FOR LIFE IN ORDER TO CARRY OUT THE PERCEIVED
2 INTENT OF THE THREE STRIKES LAW AND TO IGNORE RELEVANT
3 INDIVIDUALIZED MITIGATING FACTORS. (PEOPLE V. BISHOP (1997)
4 56 CAL. APP. 4TH 1245.)

5         IT IS AN ABUSE OF DISCRETION FOR THE TRIAL
6 COURT, AFTER FULLY CONSIDERING ALL RELEVANT FACTORS, TO
7 STRIKE A PRIOR FELONY CONVICTION IN A THREE STRIKES CASE
8 WHERE THE ENTIRE RECORD DISCLOSES NO MITIGATING FACTORS WITH
9 RESPECT TO EITHER THE DEFENDANT'S PRESENT OFFENSE OR HIS
10 PAST SERIOUS AND/OR VIOLENT FELONY CONVICTIONS AND THERE
11 IS NOTHING TO INDICATE THAT THE PARTICULAR DEFENDANT IS
12 ANYMORE DESERVING OF LENIENCY THAN NUMEROUS OTHER
13 DEFENDANTS BEING SENTENCED UNDER THE SAME STATUTORY
14 SCHEME. (PEOPLE V. WILLIAMS (1997) 17 CAL. 4TH 148.) HOWEVER,
15 THE CALIFORNIA RULES OF COURT RECOGNIZE THAT LENIENCY, OR
16 EVEN PROBATION, IS APPROPRIATE WHERE THERE ARE MITIGATING
17 CIRCUMSTANCES WHICH PERTAIN TO THE NATURE, SERIOUSNESS AND
18 CIRCUMSTANCES OF THE CRIME; WHERE THE VICTIM WAS AN
19 INITIATOR OF OR A WILLING PARTICIPANT IN THE OFFENSE; WHERE
20 THE CRIME WAS COMMITTED UNDER GREAT PROVOCATION OR
21 SOME OTHER UNUSUAL CIRCUMSTANCES UNLIKELY TO RECUR; OR
22 WHERE THE DEFENDANT COMMITTED THE CRIME UNDER DURESS
23
24
25              (iii)
26
27

1 OR COERCION OR WHERE THE OFFENSE IS PARTIALLY EXCUSABLE
2 FOR SOME OTHER REASON NOT AMOUNTING TO A DEFENSE.
3 (CALIFORNIA RULES OF COURT, RULES 4.41 (d)(1) AND 4.423 (A)(2),
4 (3),(4).)

5          HERE, THE POLICE REPORTS FROM THE PRIOR OFFENSES
6 SHOW THAT IN 1994 PETITIONER AND HIS PARTNER HAD BEEN
7 ARGUING, THAT HE ASSAULTED HER PHYSICALLY, AND THAT HE POINTED
8 A GUN TO PREVENT HER FROM LEAVING THE APARTMENT. THESE REPORTS
9 PORTRAY THE TWO CONVICTIONS AS HAVING ARISEN OUT OF ONE COURSE OF
10 CONDUCT. (AUG. CT 9-14.) SO EVEN THOUGH THERE MAY HAVE BEEN TWO
11 DISTINCT CRIMES COMMITTED, IT SHOULD ALSO BE REMEMBERED THAT
12 THIS WAS JUST ONE INCIDENT OF BAD BEHAVIOR. FURTHER, SINCE THAT
13 TIME PETITIONER COMMITTED NO FELONIES. AND HE HAD ONLY ONE PRIOR
14 FELONY CONVICTION ASIDE FROM THE STRIKES, FOR A DRUG POSSESSION.
15 (2 CT 499-513.)

16          ONE CAN'T REALLY KNOW WHAT PROMPTED THE ALTERCATION
17 THAT RESULTED IN THESE PRIOR OFFENSES. BUT IT IS SIGNIFICANT THAT
18 THE TRIAL COURT INITIALLY BELIEVED THAT PETITIONER DESERVED A
19 SENTENCE OF PROBATION WITH ONE YEAR IN THE COUNTY JAIL. SO SINCE
20 THE TRIAL COURT DECIDED THAT PROBATION WAS APPROPRIATE, IT MAY
21 WELL HAVE BELIEVED THAT THE CIRCUMSTANCES OF THE OFFENSES
22 WERE LESS SERIOUS THAN TYPICAL, OR THAT PERHAPS PETITIONER'S
23
24
25                    (iv)
26
27

1  behavior, though not excusable, was at least explainable.
2         Therefore, petitioner contends that based on this
3  record showing - that the two priors were part of one trans-
4  action, that they occured about ten years before the instant
5  offenses, that there were no felonies committed since that
6  time, and that petitioner pleaded to the prior offenses
7  and received probation - should have caused the trial
8  court to find that petitioner was not the type of offender
9  contemplated by the drafters of the three strikes law.
10 Therefore, petitioner submits that the sentencing court abused
11 its discretion, and that the sentence must be vacated and
12 the matter remanded for resentencing with appropriate
13 directions.
14
15
16
17
18
19
20
21
22
23
24
25                    (√)
26
27

1        List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3    of these cases:

4    _____SEE ATTACHMENT (E)_____

5    _____(PP. i-ii)_____

6    _____

7    Do you have an attorney for this petition?            Yes_____   No __✓__

8    If you do, give the name and address of your attorney:

9    _____N/A_____

10       WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on _Dec. 20. 2007_            _Anthony Rangel_

14             Date            Signature of Petitioner

15

16

17

18

19

20   (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 7 -

# ATTACHMENT (E)

SIMILAR CASES LISTED:

PEOPLE V. GUERRO (1998) 44 CAL. 3d 343, 355

PEOPLE V. MAESTAS (2006) 143 CAL. APP. 4th 247

STRICKLAND V. WASHINGTON (1984) 466 U.S. 668, 687

PEOPLE V. LEWIS (1990) 50 CAL. 3d. 262, 288

IN RE ALVERNAZ (1992) 2 CAL. 4th 924, 934

IN RE VARGAS (2000) 83 CAL. APP. 4th 1125, 1134

PEOPLE V. POPE (1979) 23 CAL. 3d. 412, 425

PEOPLE V. FRIERSON (1979) 25 CAL. 3d. 142, 166

IN RE HALL (1981) 30 CAL. 3d 408, 426

IN RE WILLIAM (1969) 1 CAL. 3d 168, 175

PEOPLE V. HUNT (1985) 174 CAL. APP. 3d 95, 104

PEOPLE V. McCARY (1985) 166 CAL. APP. 3d 1

PEOPLE V. PLAGER (1987) 196 CAL. APP. 3d 1537

PEOPLE V. JOHNSON (1995) 36 CAL. APP. 4th 1351

PEOPLE V. MAGUIRE (1998) 67 CAL. APP. 4th 1022

WITKIN & EPSTEIN, CAL. CRIMINAL LAW (3RD ED. 2000) 4
PRETRIAL SEC. 260, P. 468

(i)

1  SIMILAR CASE CONT. —

2

3  GILL V. AYERS (9TH CIR. 2003) 243 F.3d 911

4  PEOPLE V. REED (1996) 13 CAL. 4TH 217, 229

5  PEOPLE V. SMITH (1992) 10 CAL. APP. 4TH 178, 183

6  PEOPLE V. SUPERIOR COURT (ROMERO) (1996) 13 CAL. 4TH

7  PEOPLE V. SUPERIOR COURT (ALVAREZ) (1997) 14 CAL. 4TH

8  968, 981-982

9  PEOPLE V. BISHOP (1997) 56 CAL. APP 4TH 1245

10  PEOPLE V. WILLIAMS (1997) 17 CAL. 4TH 148

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25            (ii)

26

EXHIBIT "A"

**(INDETERMINATE SENTENCE**
**OR OTHER SENTENCE CHOICE**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SANTA CLARA**
BRANCH **TERRAINE**

COURT I.D.
4 | 3 |  |  |

PEOPLE OF THE STATE OF CALIFORNIA VERSUS
DEFENDANT: ANTHONY RANGEL
AKA:

☒ PRESENT
☐ NOT PRESENT

CASE NUMBER(S)
177075 -A
-B
-C
-D
-E

REPORT OF: ☐ DEATH SENTENCE
☐ INDETERMINATE SENTENCE
☒ OTHER SENTENCE CHOICE
AMENDED REPORT ☐

DATE OF HEARING (MO/DAY/YR) 02-08-95 | DEPT. NO. 47 | JUDGE GREGORY H. WARD | CLERK KATHY BORGES

REPORTER SUSAN PETSCHE | COUNSEL FOR PEOPLE J. ARROYO | COUNSEL FOR DEFENDANT Tom Dettmer | PROBATION NO. OR PROBATION OFFICER j. Deenean

1. DEFENDANT WAS CONVICTED ON THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):

☐ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT _____ (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR OR DATE COMMITTED | MO | DAY | YEAR | COURT TRIAL | JURY TRIAL | PLEA | 664-STAY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | PC | 236/237 | False Imprisonment | 94 | 01 | 30 | 95 | | | X | |
| 02 | PC | 273.5(a) | Inflict Corporal Injury Upon Spouse | 94 | 01 | 30 | 95 | | | X | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

2. ENHANCEMENTS (charged and found true) TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. DO NOT LIST enhancements charged but not found true or stricken under § 1385. DO NOT LIST TIME imposed. For indeterminate terms, report enhancements and time imposed for them on the abstract.

| Count | Enhancement | | Enhancement | | Enhancement | | Enhancement | | Enhancement | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER. List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under that same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times. DO NOT LIST enhancements not found true. Also enter here any enhancement not provided for in space 2. DO NOT LIST TIME imposed. For indeterminate terms, report enhancements and time for them on the abstract.

| Enhancement | | Enhancement | | Enhancement | | Enhancement | | Enhancement | |
|---|---|---|---|---|---|---|---|---|---|
| Enhancement | | Enhancement | | Enhancement | | Enhancement | | Enhancement | |

4. ☐ Defendant was sentenced TO DEATH on counts _____

5. ☐ Defendant was sentenced to State Prison for an indeterminate term:
   A. ☐ For LIFE, or a term such as 15 or 25 years to life, WITH POSSIBILITY OF PAROLE on counts _____
   B. ☐ For LIFE WITHOUT the possibility of parole on counts _____
   C. ☐ For other term prescribed by law on counts _____ . (Life Terms are on "A" and "B".)

6. ☐ Counts _____ are alternate felony/misdemeanors and were DEEMED MISDEMEANORS. A term in jail ☐ was ☐ was not ordered.

7. ☒ For counts 1 + 2 the defendant was placed on FELONY probation.
   A. (1) ☐ Sentence pronounced and execution of sentence was suspended; or
      (2) ☒ Imposition of sentence was suspended.
   B. ☒ Conditions of probation included ☒ Jail Time ☒ Fine

8. ☐ Other dispositions
   A. ☐ Defendant was committed to California Youth Authority.
   B. ☐ Proceedings suspended, and defendant was committed to California Rehabilitation Center.
   C. ☐ Proceedings suspended, and defendant was committed as a Mentally Disordered Sex Offender.
   D. ☐ Proceedings suspended, and defendant was committed as a mentally incompetent.

☒ Formal Probation ☒ Granted 3 years ☐ For period co-terminous with Jail Sentence _____ ☐ Defendant committed to CYA ☒ Advised of Appeal Right

☒ County Jail 1 year with credit for time served of 139 days ☐ Consecutive/Concurrent _____ ☐ Pre-Processing date _____ at _____ M

☐ Jail sentence to be served on Weekend Work Program ☐ Weekends ☐ Work Furlough/EMP recommended ☐ No Programs

☐ Jail sentence stayed until _____ at _____ M. or sooner ☐ Review date _____ in Department _____

☐ Jail sentence stayed/susp pending completion of Commun. Altern./Elect. Monit. Prgm. _____ ☐ Perform _____ hours uncomp. commun. service work

☒ Restitution Fine $ 200 ☐ Drug Program Fee $ _____ ☐ Alcohol Education Fee $ _____ ☐ Fine $ _____ Penalty $ _____ ☐ Concurrent w/sentence at $ _____ / day

☐ Lab Fee $ _____ ☐ Attorney Fees ordered _____ ☐ APO Rept. Fee $ _____ ☐ Probation Cost $ 20 /mo. ☐ other Fees: _____

☐ Counseling ☐ No Alcohol/drugs/or where sold ☐ Complete Alcohol/Drug Prgm _____ ☐ Release to representative _____

☐ ... arsubiseting ... ☐ Not own/possess deadly/dangerous weapons ☒ Weapon ordered destroyed ☒ Restitution to Yvonne Jones ☒ Empl/Trng

☐ Restricted _____ ☐ Complete Multiple Offender Prgm/First Offender

Def. to APO within 3 dys. of release from CJ. Def. to complete domestic ... contact w/Yvonne Jones, criminal justice admin. fee $152.

☐ ... suspended ☐ Matter submitted on report of Dr. _____ ☐ Court finds Defendant ☐ a Narcotic Drug Addict

☐ Incompetent ☐ Insane ☐ Defendant committed to California Rehabilitation Center under ☐ 3051 WI ☐ 3050 WI _____ State Hosp. ☐ 1370PC ☐ 1026PC

On Motion of the ☒ People ☐ Defendant ☒ Court orders cts. 3,4 & 5 & allegation pursuant dismissed.
to PC12022(b)

Dated: 2-16-95

Judge of the Superior Court

REPORT - INDETERMINATE SENTENCING ● ORDER/MINUTES
Form# 9687 Rev. 9/93
YELLOW-ADULT PROBATION DEPT. GREEN-JAIL WHITE-DEPT. OF REVENUE WHITE-ADMINISTRATIVE OFFICE OF THE COURTS

EXHIBIT "B"

## DECLARATION OF MATTHEW H. WILSON

I, MATTHEW H. WILSON, declare as follows:

1. I am an attorney at law, and I represent Anthony A. Rangel in this Petition for Writ of Habeas Corpus. I also represented him on direct appeal in the Court of appeal (H028906) and in a Petition for Writ of Habeas Corpus filed in that court. (H029991.)

2. The record in case number H028906 shows that after the jury returned guilty verdicts, petitioner admitted having committed two prior offenses. Specifically, he admitted to having committed, in case number 177075, the offenses of 1) inflicting corporal injury on a spouse with the personal use of a firearm and, 2) false imprisonment with the personal use of a firearm. (4 RT 859-860.)

3. The record in case number H028906 contains an Abstract of Judgment showing the two prior convictions discussed in the previous paragraph. The abstract shows that petitioner pleaded to the offenses of inflicting corporal injury on a spouse and false imprisonment, and that the trial court imposed a three year prison sentence on February 28, 2000. Petitioner entered pleas to these charges on January 30, 1995. But there is no reference to any firearm use in the Abstract. (Aug. CT 4-5.)

4. Because this Abstract of Judgment failed to show that a firearm was used in committing these offenses, and because my research indicates that neither of these prior convictions "qualifies" as a serious or violent felony unless each had been committed with the personal use of a firearm, I decided to check the case file for case number 177075. On February 23, 2006 I drove to the Santa Clara County Superior Court and looked at the case file.

5. My review of the file in case number 177075 showed that petitioner was originally charged on December 12, 1995 with five offenses: count 1 – false imprisonment (Pen. Code, sec. 236/237); count 2 – inflicting corporal injury on a spouse (Pen. Code, sec. 273.5, subd. (a)); count 3 – terrorist threats;

count 4 – assault with a firearm (Pen. Code, sec. 245, subd. (a)(2)); and count 5 – misdemeanor battery (Pen. Code, sec. 242/243, subd. (a).) Attached to the first four counts of the information was an allegation that in committing the offenses, petitioner personally used a firearm. (Pen. Code, sec. 12202.5, subd. (a).)

6. My review of the file in case number 177075 also showed that in a reporter's transcript from January 30, 1995, petitioner pleaded no contest to the first two charges in the information, and at the same time he also admitted the personal use of a firearm allegations. The trial court then took under submission whether to dismiss the remaining charges.

7. My review of the file in case number 177075 also showed that petitioner received a sentence of three years of probation on February 8, 1995. However, there is no reporter's transcript in the file from that date.

8. I then filed a request with the Deputy Court Manager for a copy of the hearing transcript from February 8, 1995. In a letter dated February 23, 2006, I was told that the notes from that hearing date would have been destroyed.

9. The file from case number 177075 does contain an Abstract of Judgment from the February 8, 1995 sentencing. That Abstract shows that petitioner was granted probation, and that on the motion of the people, the charges in counts 3, 4, and 5, along with the "allegation pursuant to PC 12022.5(b)" were ordered dismissed. A copy of that Abstract of Judgment is attached as Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on April 16, 2007.

_____
MATTHEW H. WILSON
Declarant

**EXHIBIT "C"**

## DECLARATION OF ANTHONY A. RANGEL

I, ANTHONY A. RANGEL, declare as follows:

1. I was the appellant in the case of *People v. Rangel*, H028906. The Sixth District Court of Appeal affirmed my convictions in a decision issued on March 16, 2006.

2. The appeal was filed after I was convicted by a jury in Santa Clara County Superior Court, Case Number CC457025.

3. After my conviction in Case number CC457025, I admitted two prior offenses. At that time I admitted that I had been found guilty of one count of felony false imprisonment with personal use of a firearm and one count of inflicting corporal injury on a spouse with personal use of a firearm.

4. I admitted those prior offenses because my trial attorney, Susannah Shamos, said it would be in my best interest to do so. She told me that if I contested the prior offenses it would "piss off" the trial court judge.

5. Ms. Shamos also told me that I should admit the prior offenses because I had no defense to them.

6. I relied on Ms. Shamos' advice in admitting the prior offenses. Had I known that there was a possible defense, I never would have admitted them.

7. With respect to those prior offenses, on January 30, 1995, in the Santa Clara County Superior Court, Case Number 177075, I entered no contest pleas to one count of inflicting corporal injury on a spouse and one count of false imprisonment. At the same time I admitted that in committing these offenses I personally used a firearm. The pleas were the result of a plea agreement. In exchange for my pleas I was ultimately sentenced to a term of probation with jail time.

8. Even though I admitted using a gun in the offenses to which I entered no contest pleas, I did not actually use a firearm. In fact, it was my wife who

pointed the gun at me in the course of a disagreement that resulted in the charges.

9.  Had I known there was a credible defense to the prior offenses, I would have testified that I did not in fact use a firearm to commit the offenses.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Calipatria, California on ___Mar. 04. 07___.

*Anthony Rangel*

ANTHONY A. RANGEL
Declarant

EXHIBIT "D"

## DECLARATION OF MATTHEW H. WILSON

I, MATTHEW H. WILSON, declare as follows:

1. I am an attorney at law, and I represent Anthony A. Rangel in this Petition for Writ of Habeas Corpus. In addition, I represented Mr. Rangel in another Petition for Writ of Habeas Corpus in the Court of Appeal (H029991) and on direct appeal (H028906.)

2. On September 28, 2005, about a month after I received the transcripts in the appeal in this case, I phoned the Public Defender's office in an effort to speak generally with the defense attorney who tried the case, Susannah Shamos. At that time I was told that she was on a leave of absence. I was also told that the Personnel office would call her and ask her to call me. I never received a call from her.

3. On February 16, 2006, after I realized there was an issue concerning the admission to the prior offenses, I again tried to phone Susannah Shamos at the Public Defender's office. Again, I was told that she was on a leave of absence. I then left a voice mail with Jim Gleason, who I was told was her supervisor.

4. On February 17, 2006 I spoke to Jim Gleason and I explained to him that I was contemplating an ineffective assistance argument with respect to the prior offense admissions. He told me that he would call Susannah Shamos and have her call me.

5. On February 24, 2006 I again called Jim Gleason and left a voice mail saying that I had not yet heard from Susannah Shamos.

6. On February 27, 2006 I did receive a call from Susannah Shamos. I told her about my planned argument alleging ineffective assistance with respect to the admission of the prior offenses. Ms. Shamos had no particular recollection of the events surrounding those admissions. She did tell me however that she was in the process of obtaining the file from the Public Defender's office, and that she would phone me after reviewing the

file. (She is still on a leave of absence from the office.) I have not yet heard from her.

7. I have also tried to contact Tom Dettmer, the attorney who represented appellant in 1995 when he initially pleaded no contest to the prior offenses at issue. I phoned him on February 24, 2006 and again on February 28, 2006. On both occasions I left messages asking him to return my calls. I have not heard from him.

8. I have also contacted Mark Campari, the attorney who represented appellant when probation on the two prior offenses was revoked in 2000. Mr. Campari was able to look at the file, but he could provide no information concerning the personal use allegations that the record shows were alleged and then dismissed.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on April 16, 2007.

_____
MATTHEW H. WILSON
Declarant

# ATTACHMENT (F)

PEOPLE V. GUERRO (1988) 44 CAL. 3d. 343, 355

PEOPLE V. MAESTAS (2006) 143 CAL. APP. 4th 247

STRICKLAND V. WASHINGTON (1984) 466 U.S. 668, 687

PEOPLE V. LEWIS (1990) 50 CAL. 3d 262, 288

IN RE ALVERNAZ (1992) 2 CAL. 4th 924, 934

IN RE VARGHS (2000) 83 CAL. APP. 4th 1125, 1134

PEOPLE V. POPE (1979) 23 CAL. 3d. 412, 425

PEOPLE V. FRIERSON (1979) 25 CAL. 3d 142, 166

IN RE HALL (1981) 30 CAL. 3d 408, 426

IN RE WILLIAM (1969) 1 CAL. 3d. 168, 175

PEOPLE V. HUNT (1985) 174 CAL. APP. 3d 95, 104

PEOPLE V. McCARY (1985) 166 CAL. APP. 3d 1

PEOPLE V. PLAGER (1987) 196 CAL. APP. 3d. 1537

PEOPLE V. JOHNSON (1995) 36. CAL. APP 4th 1351

PEOPLE V. MAGUIRE (1998) 67 CAL. APP 4th 1022

WITKIN & EPSTEIN, CAL. CRIMINAL LAW (3RD Ed. 2000)

4 PRETRIAL SEC. 260, P. 468

(i)

1  GILL V. AYERS (9TH CIR. 2003) 243 F. 3d 911
2  PEOPLE V. REED (1996) 13 CAL. 4TH 217, 229
3  PEOPLE V. SMITH (1992) 10 CAL. APP. 4TH 178, 183
4  PEOPLE V. SUPERIOR COURT (ROMERO) (1996) 13 CAL 4TH
5  PEOPLE V. SUPERIOR COURT (ALVAREZ) (1997) 14 CAL. 4TH
6  968, 981 - 982
7  PEOPLE V. BISHOP (1997) 56 CAL. APP. 4TH 1245
8  PEOPLE V. WILLIAMS (1997) 17 CAL. 4TH 148
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

(ii)

ANTHONY RANGEL
PO BOX 5007
CALIPATRIA, CA 92233

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CA
450 GOLDEN GATE AVE. BOX 36060
SAN FRANCISCO, CA 94102



RECEIVED
MAR 1 0 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



U.S. POSTAGE
$3.67
PARCELPOST