IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RANGEL, | No. C 08-1415 CW (PR) |
|     Petitioner, | |
|     v. | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |
| L. E. SCRIBNER, Warden, | |
|     Respondent. | |
| _____/ | |

INTRODUCTION

Petitioner Anthony Rangel, a state prisoner incarcerated at Mule Creek State Prison in Ione, California, seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging his criminal convictions and sentence from Santa Clara County Superior Court.

On August 22, 2008, the Court issued an Order to Show Cause why the writ should not be granted. On January 29, 2009, Respondent filed an Answer. Petitioner did not file a Traverse.

Having considered all of the papers filed by the parties, the Court DENIES the Petition.

//

## BACKGROUND

On March 30, 2005, a jury convicted Petitioner of one count of continuous sexual abuse of a child under the age of fourteen (Cal. Pen. Code, § 288.5, subd.(a)) and one count of sexual penetration while the victim is unconscious of the nature of the act. Id., § 289, subd.(d). Petitioner admitted he had served a prior prison term, id., § 667.5, subd.(b), and that he had been convicted of one prior serious felony, id., § 667, subd.(a), and two violent or serious felonies that qualified as "strikes" under California's Three Strikes law. Id., §§ 667, subds.(b)-(i) & 1170.12. See Doc. No. 9, Ex. 10 at 1.

On April 19, 2005, the trial court denied Petitioner's request to strike one of the prior convictions and sentenced him to sixty-one years to life in prison with an additional consecutive seven-year sentence. See Doc. No. 9, Ex. 10 at 1-2. Petitioner's petition for review to the California Supreme Court was denied on May 23, 2007. Doc. No. 9, Exs. 13 & 14. Petitioner sought federal habeas relief in this Court on March 12, 2008.

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Under AEDPA, this court may entertain a petition for habeas relief on behalf of a

California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  Under this deferential standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000).

While circuit law may provide persuasive authority in determining whether the state court made an unreasonable application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) rests in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Williams, 529 U.S. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003).

The decision to which 28 U.S.C. § 2254 applies is the "last reasoned decision" of the state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Norris v. Morgan, 622 F.3d 1276, 1285 (9th

1 Cir. 2010); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir.
2 2005).  The last reasoned decision constitutes an "adjudication on
3 the merits" for purposes of 28 U.S.C. § 2254(d) if the court
4 resolved the rights of the petitioner based on the substance of the
5 claim, rather than on the basis of a procedural or other rule that
6 precluded the state court from reviewing the merits.  Barker, 423
7 F.3d at 1092.

## DISCUSSION

Petitioner raises three claims.  Two allege that the trial court abused its discretion in interpreting and applying California sentencing laws; the third alleges that trial counsel was ineffective in advising Petitioner to admit two prior strike convictions.

I.   Petitioner's Claims of Sentencing Error

Petitioner claims that the trial court "abused its discretion" in interpreting and applying California sentencing laws and in failing to dismiss an alleged "strike" pursuant to People v. Superior Court (Romero), 13 Cal. 4th 497, 508 (1996).  In Romero, the California Supreme Court interpreted the language of California Penal Code § 1385(a) and held that a trial court may, on its own motion, strike prior felony conviction allegations in a case brought under the Three Strikes Law.

Under AEDPA, this Court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Here,

4

Petitioner does not refer to any federal law or constitutional provision in his Petition with respect to either sentencing claim. Rather, he alleges error under state law only. Federal habeas relief is unavailable for violations of state law or for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Further, it is well-established that federal courts must defer to a state court's interpretation of state sentencing laws. See Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir. 1993). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).

Because Petitioner's claims that the trial court abused its discretion with respect to Petitioner's sentence arise under state law, they are not cognizable on federal habeas review. See Estelle, 502 U.S. at 67-68. Therefore, Petitioner is not entitled to federal habeas relief on these claims.

II.  Petitioner's Ineffective Assistance of Counsel Claim

Petitioner claims trial counsel was ineffective for advising him to admit two prior strike convictions alleged under the Three Strikes Law because "there was a credible defense that neither of these prior offenses was a serious or violent felony and there was no conviction for a serious or violent felony." Doc. No. 1 at 8.

After a careful review of the record, and as set forth below, the Court finds that the state appellate court's conclusion that trial counsel did not render ineffective assistance in advising

5

Petitioner to admit the prior convictions was not contrary to, nor did it involve an unreasonable application of, clearly established federal law, and it was not based on an unreasonable determination of the facts.  See 28 U.S.C. § 2254(d); Williams, 529 U.S. at 411; Strickland v. Washington, 466 U.S. 668 (1984).  Petitioner is not entitled to federal habeas relief on this claim.

A.   Legal Standard Governing Ineffective Assistance of Counsel Claims

The Sixth Amendment guarantees the right to effective assistance of counsel.  Strickland, 466 U.S. at 686.  To prevail on a claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced Petitioner's defense.  Id. at 688.  To prove deficient performance, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms.  Id.  To prove counsel's performance was prejudicial, Petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.

The two-part test set forth in Strickland applies to ineffective assistance of counsel challenges involving guilty pleas.[1]  Hill v. Lockhart, 474 U.S. 52, 58 (1985).  When a guilty

---

[1] Here, Petitioner did not enter a guilty plea to the prior convictions; rather, he admitted their truth.  Admitting the truth of prior convictions is the functional equivalent of pleading guilty to a criminal offense.

6

plea is involved, the prejudice prong of Strickland "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

B.   Analysis of Petitioner's Claim

In rejecting Petitioner's ineffective assistance of counsel claim raised on direct appeal, the state appellate court observed that

> a reasonably competent attorney would be informed of the types of prior convictions that qualify as strikes and advise his or her client of the applicable law in any discussion of a plea or admission. . . . [Petitioner] points to no place in the record, however, which indicates that trial counsel was not reasonably informed of the facts before advising him to admit the priors. . . . A recommendation to admit the priors does not necessarily mean that counsel was unaware that the convictions were not serious felonies absent evidence in the record of conviction of use of a firearm; counsel may have advised [Petitioner] to admit the priors because she believed the evidence of [Petitioner's] firearm use was compelling or that challenge would be futile. Because the priors were not litigated below, we cannot ascertain the strength of the People's evidence, nor can we conclude that counsel's decision was unreasonable.

Doc. No. 9, Ex. 10 at 6 (citations and footnote omitted). Specifically addressing Petitioner's claim that trial counsel's advice to admit the priors deprived Petitioner of a "potentially meritorious defense," the court stated: "The mere existence of an unasserted but 'potentially meritorious defense' does not establish ineffective assistance; defendant must show that counsel's

7

representation fell below that of a reasonably competent attorney."
Id.  The court then concluded:

> Because the appellate record is silent as to counsel's investigation of this issue, and as to counsel's advice to [Petitioner], we "cannot conclude that [Petitioner] has established that defense counsel conducted an inadequate investigation." . . . We also cannot conclude that counsel misadvised [Petitioner] regarding the ability to defend the priors or that counsel's strategic decision to advise [Petitioner] to admit the priors was without rational support. . . . We therefore reject [Petitioner's] contention that he was denied effective assistance of counsel in connection with his admission of the serious felony priors.

Id. at 8 (citation omitted).

The state appellate court also rejected Petitioner's ineffective assistance of counsel raised by way of collateral attack, stating:

> [Petitioner's] additional factual allegations and the supporting documents do not establish a prima facie case that counsel provided ineffective assistance in connection with his admission of the serious felony allegations.  In regard to counsel's investigation, appellate counsel states that he contacted trial counsel and she "had no particular recollection of the events surrounding those admissions."  Trial counsel told appellate counsel she was in the process of obtaining the file, but has provided no further information.  Although trial counsel did not provide an explanation for the failure to contest the priors, her response is not an acknowledgement [sic] that she has no explanation for her actions.  She simply had not reviewed the file.  Moreover, the facts that are before us provide ample justification for her recommendation to admit the priors.
>
> The supporting declarations show that the priors could be proven from the record of conviction. Appellate counsel states: "My review of the file in case number 177075 also showed that in a reporter's transcript from January 30, 1995, petitioner pleaded no contest to the first two charges in the information, and at the same time <u>he also admitted the personal use of a firearm allegations</u>."  ([emphasis] added.) [Petitioner] confirms that at the change of plea

8

>     hearing for the felony convictions, he admitted, as
>     part of the plea agreement, "that in committing these
>     offenses [he] personally used a firearm."  A reporter's
>     transcript from a change of plea hearing is part of the
>     record of conviction and may be used to show a prior
>     serious felony. . . .  The fact that the firearm
>     enhancement (§ 12022.5, subd. (b)) was thereafter
>     dismissed on the motion of the People does not preclude
>     the prosecution from relying on [Petitioner's]
>     admission at the change of plea hearing. . . .
>
>         In addition, [Petitioner] does not allege that he was
>     told he had no defense to the priors or that he was
>     otherwise misadvised.  He states, instead:  "I admitted
>     those prior offenses because my trial attorney, Susannah
>     Shamos, said it would be in my best interest to do so."
>     That counsel advised him it was in his "best interest" to
>     admit the priors does not mean that she was unaware of a
>     possible defense.  In light of [Petitioner's] admission at
>     the change of plea hearing, it may have been in his "best
>     interest" not to contest the priors.  Challenging the priors
>     would have taken additional time and resources with little
>     likelihood of a positive result.  Indeed, it was likely to
>     serve only to show [Petitioner's] lack of responsibility for
>     his past actions, which would adversely impact a later
>     Romero motion to strike the priors.
>
>         [Petitioner] also fails to state that had he known
>     of a possible defense at the time of the admission, he
>     would not have admitted the priors.  This leaves the
>     record before us bereft of evidence of prejudice
>     resulting from counsel's alleged errors.  (See People
>     v. Ledesma (1987) 43 Cal.3d 171, 217 ["In addition to
>     showing that counsel's performance was deficient, a
>     criminal defendant must also establish prejudice before
>     he can obtain relief on an ineffective-assistance
>     claim."].)  [Petitioner's] assurance that he would
>     testify that he did not use a firearm in the commission
>     of the prior felonies, if given the opportunity, does
>     not fill that void, nor does it establish that
>     counsel's advice to admit the priors was based on
>     inadequate investigation or was otherwise incompetent.
>
>         We find [Petitioner] has failed to establish a
>     prima facie case which, if true, would entitle him to
>     relief.

Doc. No. 9, Ex. 10 at 9-10 (citations and footnote omitted).

9

C.  Analysis of Petitioner's Ineffective Assistance of Counsel Claim Under AEDPA

Here, Petitioner claims trial counsel was ineffective for failing to investigate and ascertain that his two 1995 prior convictions did not qualify as "serious or violent felonies" as those terms are defined by law and for advising him to admit them prior to being sentenced for the present offenses.  Specifically, Petitioner claims that although "at the time these prior offenses were adjudicated in 1995" he admitted that he "committed each offense while personally using a firearm," the abstract of judgment fails to show firearm use through either a conviction or sentence enhancement allegation and therefore the priors do not constitute "serious or violent felonies."  Petitioner further claims that he had a "meritorious defense" because, if called to testify regarding personal use of a firearm, he would have denied it.  Doc. No. 1 at 8, 9, 17, 18 & 34.

Petitioner's Sixth Amendment claim fails.  At the time Petitioner was sentenced in 2005, California Penal Code section 1192.7 defined "serious felony" for purposes of sentencing under the Three Strikes law as one that included "any felony in which the defendant personally use[d] a firearm."  Cal. Penal Code § 1192.7, subd. (c)(8) (effective September 17, 2002 to September 19, 2006).  Contrary to Petitioner's assertion, the statute says nothing about the necessity of either a conviction of a crime of which firearm use is an element or a true finding on an attached firearm enhancement allegation.  It necessarily follows, then, that Petitioner's repeated emphasis on the fact that the abstracts of judgment failed

10

to reflect firearm use, see Doc. No. 1 at 11, n.1,; id. at 15, 17 & 34, is irrelevant.

As the state appellate court noted, the prior convictions could be proven from the entire record of conviction, which includes a reporter's transcript from a change of plea hearing. Doc. No. 9, Ex. 10 at 9 (citing People v. Sohal, 53 Cal. App. 4th 911, 915-916 (1997) (in determining whether prior was a serious felony, it was proper for court to consider transcript of plea in which defendant admitted to factual basis for plea, including that he personally used a deadly weapon in the assault) and People v. Abarca, 233 Cal. App. 3d 1347, 1350-1352 (1991) (defendant's affirmation during change of plea hearing that he was pleading guilty to burglary of a residence reliably established that burglary conviction involved a residence).) Here, evidence Petitioner attaches to his Petition references the record of conviction as including Petitioner's January 30, 1995 change of plea hearing from Santa Clara County case number 1770775, wherein he admitted to personal use of a firearm during the commission of the offenses. See Doc. No. 1 at 36-37. Further, the state appellate court correctly noted that even though Petitioner's firearm enhancements ultimately were dismissed on the motion of the People does not preclude the prosecution from relying on his admissions to firearm use at the change of plea hearing. Doc. #9, Ex. 10 at 9-10 (citing People v. Blackburn 72 Cal. App. 4th 1520, 1527-28, 1530-31 (1999) (even if the "personal use" allegation is stricken in the underlying conviction, the trier of fact may use the record of conviction to find that a firearm was used).)

And, the instant Petition includes Petitioner's repeated concessions that he used a firearm during the prior offenses and that doing so made the prior offenses qualify as strikes:

> Petitioner admitted the prior allegations. More specifically, he admitted that he committed each prior offense as that offense was described in the information -- that each involved the personal use of a firearm and that each was a serious or violent felony . . . . Further, at the time these prior offenses were originally adjudicated in 1995, Petitioner pleaded no contest to the two substantive charges and he admitted further that he committed each offense while personally using a firearm.

Doc. No. 1 at 9; see also id. at 10 ("the definition of 'serious felony' . . . includes 'any felony in which the defendant personally uses a firearm' . . . and Petitioner admitted –- in 1995 when he entered the initial pleas and in 2005 when he admitted the prior offenses -- to having used a firearm with each offense").

Under these circumstances, where the record of conviction establishes Petitioner's firearm use, and where Petitioner concedes that he used a firearm when he committed the prior offenses and that therefore they qualified as "serious felon[ies]" under the law, this Court cannot say that the state appellate court's determination that trial counsel's advice to Petitioner to admit the prior convictions did not fall below an objective standard of reasonableness was either contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d); Williams, 529 U.S. at 411; Strickland, 466 U.S. at 688.

Nor can this Court say that the state appellate court's determination that Petitioner suffered no prejudice as a result of

12

trial counsel's alleged errors was unreasonable under AEDPA. See 28 U.S.C. § 2254(d); Williams, 529 U.S. at 411; Strickland, 466 U.S. at 694. Here, Petitioner does not claim that but for counsel's advice, he would not have admitted the prior convictions. Rather, he claims he had a "potentially meritorious defense" to the allegations that he personally used a firearm. See Doc. No. 1 at 8-20.

As the state appellate court noted regarding Petitioner's "potentially meritorious defense": "[Petitioner's] assurance that he would testify that he did not use a firearm in the commission of the prior felonies, if given the opportunity, does not [establish prejudice from trial counsel's alleged errors], nor does it establish that counsel's advice to admit the priors was based on inadequate investigation or was otherwise incompetent." Doc No. 9, Ex. 10 at 9-10. Indeed, given the record of conviction and Petitioner's repeated admissions throughout the instant Petition that he did, in fact, use a firearm during commission of the prior offenses, the fact that Petitioner now denies personal use of a firearm does not amount to a "potentially meritorious defense."

After a careful review of the record, the Court finds that the state appellate court's conclusion that trial counsel did not render ineffective assistance was not contrary to, nor did it involve an unreasonable application of, clearly established federal law, and it was not based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d); Williams, 529 U.S. at 411; Strickland, 466 U.S. at 686. Petitioner is not entitled to a federal habeas corpus relief on this claim.

CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is DENIED.  Further, a Certificate of Appealability is DENIED.  See Rule 11(a) of the Rules Governing Section 2254 Cases.  Petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Petitioner may not appeal this Court's denial of a Certificate of Appealability but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.  See Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk of Court shall terminate all pending motions as moot, enter Judgment in accordance with this Order and close the file.

IT IS SO ORDERED.

Dated: 3/28/2011

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ANTHONY A. RANGEL,

    Plaintiff,

v.

L.E. SCRIBNER et al,

    Defendant.

Case Number: CV08-01415 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 28, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Ancadio Rangel V76618
C-13-130
Mule Creek State Prison
P.O. Box 409060
Ione, CA 95640

Dated: March 28, 2011

    Richard W. Wieking, Clerk
    By: Nikki Riley, Deputy Clerk